Filed 10/30/14  Pride v. Super. Ct. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| DAVID C. PRIDE, | |
| Petitioner, | E061385 |
| v. | (Super.Ct.No. SCR57051) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Annemarie G. Pace, Judge.  Petition granted in part with directions.

David C. Pride, in pro. per, for Petitioner.

No appearance for Respondent.

Michael A. Ramos, District Attorney, and Stephanie H. Zeitlin, Deputy District Attorney, for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

There is no requirement in *In re Steele* (2004) 32 Cal.4th 682 (*Steele*) that a defendant seeking discovery under Penal Code section 1054.9 prove that he or she has an actual, physical petition for writ of habeas corpus waiting for the "final touches." All that is required is that such a petition be in some state of preparation (*Steele*, at p. 691; *Curl v. Superior Court* (2006) 140 Cal.App.4th 310.) The petition is not inadequate in this respect. Although petitioner may not be entitled to all items sought, his request has sufficient specificity and clarity and *Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359 does not apply. Nor do the cases require a defendant to articulate his or her theories of relief before obtaining the statutory discovery. Finally, we decline to hold that the absence of a proof of service of the demand letters to trial counsel invalidates petitioner's request.

Hence, we can find no basis for the trial court's flat denial of the motion for discovery.

2

## DISPOSITION

Accordingly, the petition for writ of mandate is granted in part. Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to vacate its order summarily denying the request for discovery, and to reconsider the motion with respect to each category of items requested. The court may request such further briefing as it deems appropriate.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

3